UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN BLAIR, Individually § | | |
| and as Next Friend of § | | |
| JADEN JAMES EUGENE BLAIR, § | | |
| § | CIVIL ACTION NO. | |
| Plaintiff, § | | |
| v. § | SA-08-CV-0004 NN | |
| § | | |
| AGNES SIEMSEN, § | | |
| § | | |
| Defendant. § | | |

## SHOW CAUSE ORDER

The purpose of this order is to direct defendant Agnes Siemsen to show cause why federal-court jurisdiction exists in this case.  Siemsen removed this case from the 73d Judicial District Court, Bexar County, Texas.  The parties consented to my jurisdiction[1] and the district court transferred the case to me.[2]

Blair did not challenge the removal, but the court has a duty to confirm its jurisdiction.  In the notice of removal, Siemsen asserted that jurisdiction exists because the alleged negligent conduct occurred on a federal enclave.[3]  Siemsen explained that the alleged negligent conduct occurred at Siemsen's private day care center on Lackland Air Force Base.  Although those details are not included in Blair's complaint, I know of no provision giving a federal court jurisdiction over an alleged state tort on the basis that it occurred on federal property.  Because

---

[1]Docket entry #s 3 & 6.

[2]Docket entry # 8.

[3]Docket entry # 1.

she bears the burden of establishing federal-court jurisdiction,[4] I direct Siemsen to respond to this order in writing by June 3, 2008 and explain why federal-court jurisdiction exists in this case. If Siemsen fails to respond to this order by that date, I will remand this case to the 73d Judicial District, Bexar County, Texas, without further briefing.

    **SIGNED** on May 22, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).