UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RYAN BLAIR, Individually | § | |
| and as Next Friend of | § | |
| JADEN JAMES EUGENE BLAIR, | § | |
| | § | CIVIL ACTION NO. |
| Plaintiff, | § | |
| v. | § | SA-08-CV-0004 NN |
| | § | |
| AGNES SIEMSEN, | § | |
| | § | |
| Defendant. | § | |

**ORDER REMANDING CASE TO STATE COURT**

The purpose of this order is to remand this case to state court. This case was removed to federal court from the 73rd Judicial District, Bexar County, Texas, on January 2, 2008 and transferred to me on May 21, 2008.[1] On May 22, 2008, I issued a show cause order directing defendant Agnes Siemsen to explain why federal-court jurisdiction exists in this case.[2] Siemsen responded on May 29, 2008.[3] Siemsen explained that the conduct resulting in this dispute occurred at a private day care center operated on Lackland Air Force Base (Lackland). Siemsen asserted that "federal court jurisdiction exists because the injuries alleged by plaintiff would have occurred, if at all, … on a federal enclave."[4] Siemsen relied upon the United States Constitution and the Fifth Circuit's decision in *Mater v. Holley*[5] to support her position.

---

[1] Docket entry # 8.

[2] Docket entry # 9.

[3] Docket entry # 11.

[4] Docket entry # 11 at p. 1.

[5] *Mater v. Holley*, 200 F.2d 123 (5th Cir. 1953).

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[6]  If a case is filed in state court, it may be removed to district court if "the district courts [would] have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . without regard to the citizenship or residence of the parties."[7]  In the absence of diversity of citizenship, there must be a federal question in order for this court to exercise jurisdiction.  Siemsen asserts a federal question is present because "[f]ederal enclave jurisdiction is . . . a part of a court's federal question jurisdiction."[8]  Federal enclave jurisdiction is premised upon the notion that because the United States has exclusive legislative authority over federal enclaves, federal courts must possess exclusive jurisdiction over these areas as well.[9]  Under this reasoning, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as part of federal question jurisdiction."[10]

In determining whether a federal question is present, courts use the "well-pleaded complaint rule" to determine if original jurisdiction exists.[11]  Under this rule, a case may not be

---

[6] 28 U.S.C. § 1331.

[7] 28 U.S.C. § 1441(b).

[8] Docket entry # 11 at p. 2.

[9] *Mater*, 200 F.2d at 124–25 ("It would be incongruous to hold that although the United States has exclusive sovereignty in the area here involved, its courts are without power to adjudicate controversies arising there").

[10] *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998).  *See also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves'").

[11] *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'").

removed by a defendant "unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[12]  The court must "look solely to the facts set out in the complaint to determine [jurisdiction]," and "[t]he federal question necessary to sustain jurisdiction must be an essential element of the plaintiff's cause of action."[13]  No federal question jurisdiction is present if the plaintiff pleads only a state law cause of action.[14]  Even if a federal cause of action is available, a plaintiff may avoid federal jurisdiction by relying solely on state law.[15]

A corollary to the well-pleaded complaint rule is the artful pleading doctrine—"a plaintiff may not defeat removal by omitting to plead necessary federal questions."[16]  "[C]ourts will not permit rigid application of the well-pleaded complaint doctrine to aid a plaintiff's attempt to circumvent federal jurisdiction."[17]  Under this doctrine, a court may assert jurisdiction over a case if the plaintiff has omitted a necessary federal question or if federal law completely preempts the state law claim relied upon.[18]

After reviewing plaintiff Blair's original complaint, I find no indication that a federal question has been raised in this case.  Blair states no facts supporting federal enclave jurisdiction on the face of his complaint.  The complaint states that Blair's son suffered pain and suffering,

---

[12]*Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983).

[13]*Armstrong v. Alliance Trust Co.*, 126 F.2d 164, 166 (5th Cir. 1942).

[14]*MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

[15]*Id.*

[16]*Rivet*, 522 U.S. at 475.

[17]*Eitmann v. New Orleans Pub. Serv.*, 730 F.2d 359, 365 (5th Cir. 1984).

[18]*Rivet*, 522 U.S. at 475.

physical impairment, and mental anguish due to Siemsen's negligence.[19]  Blair relies upon the Texas Rules of Civil Procedure and the jurisdictional limitations imposed upon county courts in Texas throughout his complaint.[20]  This shows that he is relying upon Texas state law as the basis for recovery.  Blair is within his rights to rely solely on Texas law in order to avoid federal jurisdiction, so long he does not omit any federal claims that are necessary to his suit or that preempt the state law he relies upon.  Siemsen neither contends that Blair omitted a necessary federal claim nor points to any federal law that would preempt Texas personal injury law.

Blair's complaint also makes no mention that the alleged injuries took place on a federal enclave.  In fact, Blair's complaint provides no information as to where the injuries occurred.  The only mention of a federal enclave comes from Siemsen's notice of removal.  Siemsen asks me to "take judicial notice of the fact that Lackland is a federal enclave;"[21] however, "in ascertaining the facts [leading to federal question jurisdiction], the courts . . . are restricted to a consideration of the well-pleaded facts that appear on the face of the plaintiff's declaration or complaint."[22]  Because of this, I am unable to take judicial notice of any alleged jurisdictional facts that are not present on the face of Blair's complaint.

Even if Blair's complaint contained facts pointing to federal question jurisdiction, Siemsen has failed to provide sufficient evidence to show that Lackland is a federal enclave.  The party arguing in support of federal enclave jurisdiction must show factors such as "whether the

---

[19]Docket entry # 1, Exhibit "A".

[20]Docket entry # 1, Exhibit "A".

[21]Docket entry # 11 at p. 3.

[22]*Armstrong*, 126 F.2d at 167.

federal government exercises exclusive, concurrent or proprietarial jurisdiction over the property, when the property became a federal enclave and what the state law was at that time, whether that law is consistent with federal policy, and whether it has been altered by national legislation."[23] To support her contention that Lackland is a federal enclave, Siemsen provides only a brief history of Lackland, a few references to web sites for more historical information, and an affidavit stating that Siemsen's day care was operated on property located within Lackland's boundaries.[24] This does not constitute sufficient evidence to show that Lackland is a federal enclave. Even though Siemsen "stands ready to provide the Court with further evidence of Lackland Air Force Base's status as a federal enclave,"[25] I would be unable to consider additional evidence because Blair's complaint is devoid of facts which support the exercise of federal enclave jurisdiction.

Because Blair's original complaint does not establish that the case arises under federal law, subject matter jurisdiction is lacking in this case. Consequently, I REMAND this case to the 73rd Judicial District, Bexar County, Texas.

**SIGNED** on June 12, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[23]*Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994).

[24]Docket entry # 11 at pp. 3, 6.

[25]Docket entry # 11 at p. 3.